FILED IN THIS OFFICE APR 30 2025 Clerk U.S. District Court Greensboro, N.C. BY

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF NORTH CAROLINA**

**Sriharsha Daram**, Plaintiff,

v.

**Arjun Lagisetty** and **US Software Professionals Inc.**, Defendants.

**CIVIL ACTION NO.** 25CV334

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **Sriharsha Daram**, appearing *pro se*, for his Complaint against Defendants states as follows:

## I. JURISDICTION AND VENUE

1. **Federal-question jurisdiction.** This action arises in part under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*; jurisdiction is proper under 28 U.S.C. §1331.
2. **Diversity jurisdiction.** This Court also has jurisdiction under 28 U.S.C. §1332(a)(2) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the parties are citizens of different states or nations: Plaintiff is a citizen of India domiciled in North Carolina; Defendant Arjun Lagisetty is a lawful permanent resident domiciled in Illinois; Defendant US Software Professionals Inc. ("USSP") is an Illinois corporation with its principal place of business in Cook County, Illinois.
3. **Supplemental jurisdiction.** The Court has supplemental jurisdiction over Plaintiff's claims under the North Carolina Wage and Hour Act ("NCWHA") pursuant to 28 U.S.C. §1367(a).
4. **Venue.** Venue is proper in this District under 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claims—including Plaintiff's

performance of work, receipt or non-receipt of wages, and retaliatory communications—occurred in Cabarrus County, North Carolina.

## II. PARTIES

1. Plaintiff **Sriharsha Daram** ("Plaintiff" or "Daram") is an H-1B visa holder who, at all relevant times, resided and worked in Cabarrus County, North Carolina.
2. Defendant **Arjun Lagisetty** ("Lagisetty") is an individual residing in Cook County, Illinois, who at all relevant times owned, controlled, and directed the operations of USSP.
3. Defendant **US Software Professionals Inc.** is an Illinois corporation headquartered in Cook County, Illinois. At all relevant times, Lagisetty exercised complete operational control over USSP. Together, they constituted Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d) and N.C. Gen. Stat. §95-25.2(5).

## III. FACTUAL ALLEGATIONS

1. While this Complaint provides specific examples, Defendants' misconduct was far more extensive. Throughout Plaintiff's tenure, there were numerous other instances of threats, retaliation, coercion, and gaslighting by Lagisetty, which created a sustained atmosphere of fear and psychological pressure. These examples are representative and not exhaustive, and Plaintiff reserves the right to present additional incidents and evidence at later stages of this proceeding.
2. From 2016 through June 2024, Plaintiff worked for Defendants on multiple software development projects. For most of that period, Plaintiff was classified as a W-2 employee.
3. Throughout his employment, Defendants routinely withheld earned wages—sometimes for months and ultimately totaling **hundreds of thousands of dollars**—without any written agreement or required wage notice. This prolonged deferral deprived Plaintiff of the time-value of money, interest accrual, and numerous financial and investment opportunities. Defendants tracked balances in an internal Excel spreadsheet to which Plaintiff was later denied access. Requests for payment were frequently delayed, ignored, or rejected.

4. As of the date of this Complaint, Defendants have failed to pay approximately **$30,000** in earned wages ("Deferred Wages"), exclusive of interest and liquidated damages.
5. In 2025, Lagisetty pressured Plaintiff to accept further compensation on a 1099 basis and demanded that Plaintiff sign an IRS Form W-9, despite full knowledge that Plaintiff's H-1B visa status prohibited such an arrangement. When Plaintiff refused, Lagisetty threatened to issue a 1099 regardless, further exacerbating the coercion and placing Plaintiff at additional legal and financial risk.
6. Defendants issued payments totaling $20,000 without tax withholding, payroll records, or employment authorization, thereby misclassifying Plaintiff in violation of both federal wage laws and Department of Labor H-1B requirements. Plaintiff explicitly rejected this classification multiple times and warned Defendants about its legal and visa-related consequences.
7. When Plaintiff questioned these practices and issued an evidence preservation letter, Lagisetty responded: *"Call me before I involve lawyers,"* and threatened negative consequences if Plaintiff pursued legal action. This tactic of invoking legal threats was part of a broader pattern, as Lagisetty had previously used similar language to intimidate Plaintiff in unrelated instances when Plaintiff wa s simply trying to protect himself or raise concerns.
8. As a direct result of Defendants' conduct, Plaintiff experienced financial hardship, emotional distress, and exposure to IRS compliance risks.

## IV. CLAIMS FOR RELIEF

### *Count 1 – Failure to Pay Minimum and Contract Wages (FLSA, 29 U.S.C. §§206, 216(b))*

1. Plaintiff realleges sections I, II and III.
2. Defendants failed to pay all earned wages in a timely and complete manner, often misclassifying a portion of regular compensation as "bonuses" to be paid later without written agreement or required notice, thereby deferring and delaying payment in violation of 29 U.S.C. §206 and applicable regulations.
3. Under 29 U.S.C. §216(b), Plaintiff is entitled to unpaid wages, an equal amount in liquidated damages, prejudgment interest, and reasonable costs.

### *Count 2 – Retaliation (FLSA, 29 U.S.C. §215(a)(3))*

1. Defendants threatened and retaliated against Plaintiff after he complained about wage violations, in violation of 29 U.S.C. §215(a)(3). Lagisetty used intimidation

tactics such as threatening legal action, misclassifying wages to suppress lawful compensation, attempting to issue unauthorized 1099s, and undermining Plaintiff's legal and visa standing. He also invoked legal threats in non-wage-related situations where Plaintiff was simply trying to protect himself, further amplifying the retaliatory climate. These acts were not isolated but part of a sustained campaign of coercion and retaliation throughout Plaintiff's tenure. Plaintiff is entitled to make-whole relief and liquidated damages under §216(b).

### *Count 3 – Violation of the NC Wage and Hour Act (N.C.G.S. §§95-25.6, 95-25.22)*

1. Defendants failed to pay Plaintiff all wages when due, in violation of N.C.G.S. §95-25.6. Plaintiff is entitled to unpaid wages, interest at 8%, 100% liquidated damages, and recovery of costs.

### *Count 4 – Breach of Oral Wage Agreement / Promissory Estoppel*

1. Defendants made repeated oral promises to pay specific wages and bonuses, which Plaintiff reasonably relied upon in continuing his work. Their failure to honor these promises constitutes breach and/or promissory estoppel under North Carolina law.

### *Count 5 – Intentional Infliction of Emotional Distress (Common Law)*

1. Lagisetty's ongoing pattern of wage withholding, deliberate stalling and stonewalling of payments, legal intimidation, coercive pressure to accept misclassification, and emotional manipulation—particularly under the constraints of Plaintiff's dependent visa status—were extreme and outrageous. These actions placed Plaintiff under continuous emotional strain, legal uncertainty, and financial instability, creating a hostile and fear-driven work environment throughout his tenure. Defendants' conduct far exceeded all bounds of human decency and proximately caused Plaintiff substantial harm.

## V. DAMAGES

1. Plaintiff seeks the following relief, with all amounts approximate and subject to proof at trial:

### *A. Economic Damages*

- **Unpaid current wages** (final phase of employment): ≈ $30,000
- **Liquidated damages under FLSA and NCWHA** (100% of unpaid wages): ≈ $30,000
- **Prejudgment interest on unpaid wages**: ≈ $10,000
- **Lost time-value and opportunity cost on previously deferred wages** (multi-year delays from 2016–2024): ≈ $250,000

### *B. Wage Law Violations & Tax Exposure*

- **Unlawful 1099 payments (issued without withholding or payroll documentation):** ≈ $20,000
- **Tax exposure, reporting risk, and financial liability due to misclassification:** ≈ $60,000
- **Wage suppression tactics and prolonged deferral violating Department of Labor regulations:** ≈ $100,000

### *C. Retaliation & Emotional Harm*

- **Emotional distress** from delayed compensation, intimidation, and coercion (with evidentiary support including message history and spousal affidavit to be submitted at a later stage): ≈ $300,000
- **Retaliatory threats and psychological pressure** (e.g., "Call me before I involve lawyers and several other threatening emails and messages"): ≈ $200,000

### *D. Consequential & Punitive Damages*

- **Consequential damages** (credit damage, delayed planning, lost opportunities): ≈ $200,000
- **Punitive damages** for repeated, willful labor law violations over 9 years, including wage withholding, misclassification, delayed and deferred payments, threatened 1099 issuance, denial of access to wage records, threats of legal action, retaliation for complaints, coercion, gaslighting, and systemic stalling and stonewalling: ≈ $500,000

***E. Litigation Expenses***

- **Court costs, filing fees, legal consultation expenses, and other litigation-related costs** (recoverable under 29 U.S.C. §216(b) and N.C.G.S. §95-25.22): To be determined at trial

## Total Damages Sought: $2,000,000

## VI. DEMAND FOR JURY TRIAL

1. Plaintiff demands a trial by jury on all issues so triable under Fed. R. Civ. P. 38, including but not limited to claims arising under 29 U.S.C. §216(b), N.C.G.S. §§ 95-25.6 and 95-25.22, and applicable state common law.
2. Plaintiff expressly reserves all rights to challenge the dischargeability of any debt under 11 U.S.C. §523, including but not limited to claims arising from willful and malicious conduct, fraud, retaliation, coercion, wage suppression, and misclassification. Plaintiff places Defendants on notice that any attempt to use bankruptcy protection to evade liability for these claims will be vigorously opposed through appropriate adversary proceedings.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor on all claims;

B. Award unpaid wages, liquidated damages, interest, compensatory and punitive damages as outlined above;

C. Award reasonable court costs and litigation expenses as permitted by law;

D. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

/s/ Sriharsha Daram

2854 Donegal Dr

Kannapolis, NC 28081

(801) 560-2241

sriharsha.0722@gmail.com

**Dated:** April 22, 2025