IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SRIHARSHA DARAM,<br><br>Plaintiff,<br><br>v.<br><br>ARJUN LAGISETTY, and U.S. SOFTWARE PROFESSIONALS INC.,<br><br>Defendants. | ) | 1:25-cv-334 |

**ORDER**

Presently before this court are Plaintiff's Motion for Alternate Service, (Doc. 10), Motion for Prejudgment Writ of Attachment, (Doc. 11), and Motion to Seal, (Doc. 7). For the reasons stated herein, Plaintiff's motion for alternate service will be denied as moot because both Defendants have been properly served. Additionally, Plaintiff's motion for prejudgment writ of attachment and motion to seal will be denied.

## I. Motion for Alternate Service

After the parties briefed Defendants' initial motion to dismiss, (Doc. 16), Plaintiff moved for leave to amend his complaint, (Doc. 25). The Magistrate Judge granted leave and ordered Plaintiff to serve Defendants by February 6, 2026. (Doc.

28 at 2.)[1] The Order also allowed Defendants until December 16, 2025, to provide notice of waiver of service. (Id.) The Magistrate Judge explained that "[i]f service is not waived, the Court can further consider Plaintiff's request for alternative service." (Id. (citing Doc. 10).) Defendants did not waive service, and Plaintiff again attempted to serve Defendant U.S. Software Professionals Inc. ("USSP") by certified mail. (Doc. 36 at 1.)

This court need not address Plaintiff's attempt to serve via certified mail because it finds that Plaintiff properly served Defendant USSP by leaving copies of the summons and complaint with the spouse of Defendant Arjun Lagisetty at their residence. Federal Rule of Civil Procedure 4(h) permits service of a corporate entity through two methods. The entity can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The entity can also be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), which permits service by "following state law for serving a summons in an action

[1] All citations in this Order to documents filed with this court refer to the page numbers located at the bottom right-hand corer of the documents as they appear on CM/ECF.

brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1).

Under the North Carolina Rules of Civil Procedure, a domestic or foreign corporation may be served "[b]y delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute." N.C. R. Civ. P. 4(j)(6)(b). One manner specified includes leaving a copy of the summons and complaint "at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." N.C. R. Civ. P. 4(j)(1)(a). "Thus, in North Carolina, a corporation may be served by serving a corporation's authorized agent using any method that would constitute proper service of an individual, including by leaving copies of the summons and complaint at the agent's residence with a 'person of suitable age and discretion.'" Earls v. Forga Contracting, Inc., No. 1:19-CV-00190-MR-WCM, 2021 WL 4391708, at *2 (W.D.N.C. Sep. 24, 2021) (first quoting N.C. R. Civ. P. 4(j)(1)(a); then citing Great Dane Trailers, Inc. v. N. Brook Poultry, Inc., 35 N.C. App. 752, 754, 242 S.E.2d 533, 535 (1978) (finding service

proper when copies of the complaint and summons were left with the registered agent's wife at their residence)).

In his motion, Plaintiff explains that he "retained a professional process server (ABC Legal) to serve the Summons and Complaint on USSP at its registered agent's address." (Doc. 10 at 1.) Upon arriving at the registered address, the process server was informed by security that the address is a Regus office. (Id. at 2.) "Regus is a company that rents flexible office space, primarily providing virtual office space for certain entities and serving as a location where mail can be delivered to those entities." Coach, Inc. v. Does 1 Through 351, No. 1:12CV0241 (GBL/JFA), 2012 WL 12906348, at *9 (E.D. Va. Nov. 27, 2012). The process server was unable to serve after learning that USSP "operates a virtual office only, has no employees physically present, and that no one is authorized to accept service." (Doc. 10 at 2 (emphasis omitted).)

However, this was not Plaintiff's only attempt at service. The summons and complaint were also "hand-delivered by an unidentified individual to the personal residence of Vice President Arjun Lagisetty on a Sunday, where the documents were left with Mr. Lagisetty's spouse." (Doc. 31 at 7.) Plaintiff contends that Defendant Lagisetty "at all relevant times owned, controlled, and directed the operations of USSP." (Doc. 29 at

2.) Defendants have not challenged Plaintiff's claim that Defendant Lagisetty "exercised complete operational control over USSP." (Id.) Instead, Defendants assert that "Plaintiff has not shown that Mr. Lagisetty's spouse was authorized to accept service on behalf of the corporation." (Doc. 31 at 7 (emphasis added).) This court finds that Plaintiff properly served Defendant USSP by delivering copies of the summons and complaint to Defendant Lagisetty's residence and leaving the copies with his wife. See Earls, 2021 WL 4391708, at *2; see also Simms v. Mason's Stores, Inc. (NC-1), 285 N.C. 145, 149, 203 S.E.2d 769, 772 (1974) (explaining that the meaning of the phrase "an agent authorized . . . by law" in N.C. R. Civ. P. 4(j)(6)(b) "embrace[s] an agent specified by statute as a proper person to receive service" and "an agency implied in law, or an agency by estoppel, i.e., where it is determined by the conduct of the corporation . . . that it has appointed an agent for the acceptance of service or that it is estopped from denying such appointment" (internal quotation marks and citation omitted)). Plaintiff's motion for alternate will be denied as moot because both Defendants have been properly served.[2]

---

[2] This court's finding of proper service is not a denial of Defendants' motion to dismiss, (Doc. 30), which raises issues beyond service. This court will address Defendants' motion in a separate order.

## II. **Motion for Prejudgment Writ of Attachment**

Plaintiff also filed a second motion for prejudgment writ of attachment, (Doc. 11), on the same day as the motion for alternate service. This court denied Plaintiff's first motion for prejudgment writ of attachment, (Doc. 3), because Plaintiff did not submit a required affidavit and made assertions that were too vague and general to support the motion, (Doc. 4). This court found that Plaintiff's assertions were vague and unsupported because he had "not identified any specific property to attach." (Id. at 2.)

In his second motion, Plaintiff filed an affidavit stating that Defendant Lagisetty "controls at least two financial accounts" that "may be transferred, concealed, or dissipated upon notice of this litigation." (Doc. 8 at 1 (emphasis omitted).) Plaintiff provided two checks, one addressed to Plaintiff and another addressed to a different entity that was sent to Plaintiff by accident, that, according to Plaintiff, "provide credible evidence that the Defendant actively controls substantial financial assets across corporate entities and may take steps to move or hide these funds, thereby frustrating the enforcement of any final judgment." (Id. at 2 (emphasis omitted).)

This court finds that Plaintiff has failed to "set forth supporting facts and circumstances in a definite and distinct manner" that Defendants "have done or are about to do any act with intent to defraud their creditors." Connolly v. Sharpe, 49 N.C. App. 152, 154, 270 S.E.2d 564, 566 (1980). Plaintiff has not shown that Defendants have moved assets, or that such assets were moved with an intent to defraud creditors, or that such assets were moved out of North Carolina with an intent to defraud creditors. See U.S. E.E.O.C. v. A.C. Widenhouse, Inc., No. 1:11-CV-498, 2013 WL 664230, at *4 (M.D.N.C. Feb. 22, 2013). Moreover, Plaintiff has failed to demonstrate that such assets were in North Carolina at any stage of this litigation. See Universal Life Ins. Co. v. Lindberg, No. 1:20CV681, 2021 WL 7186820, at *1 (M.D.N.C. July 9, 2021). Conversely, one of the two checks Plaintiff provided was not addressed to Plaintiff. (Doc. 8 at 2.) The fact that Defendants use this undefined financial instrument for other business purposes supports both that Defendants would be unlikely to assign, dispose of, or secrete the property, N.C. Gen. Stat. § 1-440.3(5)(b), and that Defendants would be able to satisfy a judgment entered against Defendants. ABT, Inc. v. Juszczyk, No. 5:09CV119-V, 2011 WL 13225276, at *3 (W.D.N.C. Dec. 21, 2011). Plaintiff's motion for prejudgment writ of attachment will therefore be denied.

**III. Motion to Seal**

Plaintiff also moves to seal his initial Complaint, (Doc. 1), and his initial motion for prejudgment writ of attachment, (Doc. 3), that was previously denied by this court, (Doc. 4). (Doc. 7.) Plaintiff argues that these motions "contain emotionally sensitive and deeply personal information that was submitted without fully understanding the public and permanent nature of federal court records." (Doc. 7 at 1 (emphasis omitted).) Plaintiff asserts that that "[t]he public availability of this material is causing me severe emotional distress and reputational harm." (Id. (emphasis omitted).) According to Plaintiff, the motions should be sealed because "[t]he details in these documents are not essential to the legal merits of the case, and sealing them would not impair public understanding of the core dispute." (Id. (emphasis omitted).) This court disagrees.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). "The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing

decision look more like a fiat and requires rigorous justification." Doe v. Pub. Citizen, 749 F.3d 246, 266 (4th Cir. 2014) (internal quotation marks omitted) (quoting Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013) (citation omitted). Because the motions at issue here were "filed with the objective of obtaining judicial action or relief," they are judicial records. See United States ex rel. Oberg v. Nelnet, Inc., 105 F.4th 161, 171, 173 n.10 (4th Cir. 2024) (citation omitted).

For judicial records, "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). "When the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." Id. (internal quotation marks and citations omitted). "The burden to overcome a First

Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." Id. (citation omitted).

This court will deny Plaintiff's motion to seal. The Fourth Circuit has held that the First Amendment right of access applies to civil complaints. Courthouse News Serv. v. Schaefer, 2 F.4th 318, 328 (4th Cir. 2021). While no courts within this circuit have considered whether a motion for prejudgment writ of attachment implicates the First Amendment right of access, this court finds that the common law right of access is implicated because Plaintiff's motion was "filed with the objective of obtaining judicial action or relief." Nelnet, 105 F.4th at 171 (internal quotation marks and citation omitted); see also Camargo v. KBS Flooring LLC, No. 616CV1348ORL31TBS, 2017 WL 951686, at *1 n.2 (M.D. Fla. Mar. 10, 2017) (analyzing a motion to seal a writ of garnishment through the common law right of access).

Plaintiff fails to articulate an interest that overcomes either the First Amendment or common law rights of access. Plaintiff argues that the "public availability" of his motions causes "severe emotional distress and reputational harm." (Doc. 7 at 1 (emphasis omitted).) While this court recognizes that Plaintiff may not have fully considered the effect of his filing

decisions, "the mere fact that records may be controversial, personal, or embarrassing does not alone justify sealing those records from public inspection." United States ex rel. Schnupp v. Blair Pharmacy, Inc., No. CV ELH-17-2335, 2022 WL 17584381, at *6 (D. Md. Dec. 9, 2022); see also Qayumi v. Duke Univ., No. 1:16-CV-1038, 2018 WL 2025664, at *3 (M.D.N.C. May 1, 2018). A fear of reputational harm, including "a fear of a negative impact on future employment," similarly does not justify sealing. Lopez v. JP Morgan Chase, No. 2:24-CV-10990, 2025 WL 2015001, at *3 (E.D. Mich. Apr. 28, 2025) (collecting cases), report and recommendation adopted, No. 24-10990, 2025 WL 2014998 (E.D. Mich. July 17, 2025).

Because the information contained in the judicial records Plaintiff seeks to seal may be used at either the motion to dismiss or summary judgment stage, this court finds that the "institutional integrity of the Judicial Branch" is served by granting the public right of access. Pub. Citizen, 749 F.3d at 263. When weighed against the interests articulated by Plaintiff, this court finds that Plaintiff has failed to meet his burden. Plaintiff's motion to seal will therefore be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal, (Doc. 7), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Alternate Service, (Doc. 10), is **DENIED** as moot because both Defendants have been properly served.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Prejudgment Writ of Attachment, (Doc. 11), is **DENIED.**

This the 9th day of March, 2026.

William L. Osteen, Jr.
United States District Judge